### William H. Herhold, Appellant, v. Frederick H. Herhold and Herhold Chair Company, Appellees.

### Gen. No. 22,451.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed January 22, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Bill by William H. Herhold, complainant, against Frederick H. Herhold and Herhold Chair Company, a corporation, defendants, charging misappropriation of funds of the company by Frederick H. Herhold and praying for an accounting, restitution and appointment of a receiver of the company. From an order by the court on its own motion dismissing the bill for want of equity, the complainant appeals.

Complainant was a brother of the defendant Frederick H. Herhold, and they, with other brothers and sisters, were the sole stockholders of the defendant company, and complainant was at one time secretary of the company, but in consequence of complainant's refusal to join in a certain disposition of the estate of their parents desired by the others, complainant was deposed at the next directors' meeting from his office as secretary of the company and from his employment as superintendent of the business.

WORTH ALLEN, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellees; CARL MEYER, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Herhold v. Herhold et al., 203 Ill. App. 272.

## Abstract of the Decision.

1.   CORPORATIONS, § 267*—*when evidence is insufficient to support bill in suit for accounting against officer.*   Evidence *held* insufficient to support the allegations of the bill or to warrant appointment of a receiver in a suit against an officer of a corporation for alleged misappropriation of funds.

2.   CORPORATIONS, § 554*—*when appointment of receiver proper for going corporation.*   So long as a concern is a prosperous going corporation there is no necessity for a receiver, and before one is appointed it must clearly appear that such appointment is an imperative necessity to preserve the property of the concern.

3.   CORPORATIONS, § 554*—*when appointment of receiver proper because of apprehensions as to future of corporation.*   Apprehensions of the future of a corporation, to entitle the appointment of a receiver thereof, must be founded on facts clearly proven by evidence and not merely on hostile expressions, especially such as naturally arise out of a family quarrel.

4.   CORPORATIONS, § 553*—*when depriving stockholder of office is not ground for appointment of receiver.*   Merely depriving a stockholder, by vote of directors representing a majority of the stock, of his employment as secretary of a corporation is not such evidence as warrants appointment of a receiver of the company, in the absence of facts showing loss to the stockholder as such.

5.   CORPORATIONS, § 267*—*when opinion in another case in which officer was party is inadmissible in suit against him for accounting.*   Evidence under a bill for accounting, charging a misappropriation of funds by an officer of a corporation consisting of an opinion of the Appellate Court in another case in which the defendant was a party, offered as tending to show his improper conduct in that case and a habit on his part, *held* properly excluded.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIII 18